UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDRE DAVIS,                                                                    MEMORANDUM AND ORDER
                 Plaintiff,
      - against -                                                           15-CV-4684 (JG) (JO)
THE CITY OF NEW YORK, et al.,
                 Defendants.
-----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

Plaintiff Andre Davis ("Davis") seeks leave to proceed *in forma pauperis*. Docket Entry ("DE") 3. In an order dated December 4, 2015, I noted that Davis has established that he is indigent and therefore eligible for such relief. *See* 28 U.S.C. § 1915(a)(1). I also noted that under pertinent case law, an application to proceed *in forma pauperis*, "ordinarily should not be granted in a contingency fee context[.]" *Walker v. City of New York*, 2012 WL 6563044, at *1 (E.D.N.Y. Dec. 17, 2012); *Fodelmesi v. Schepplerly*, 944 F. Supp. 285, 286 (S.D.N.Y. 1996) (same). I therefore ordered Davis to submit for review a copy of his retainer agreement with counsel. He has done so, and the agreement makes clear that counsel is representing Davis on a contingency basis. *See* DE 13 (the "Agreement").

Courts in this circuit routinely (albeit not uniformly) deny motions by indigent plaintiffs to proceed *in forma pauperis* under such circumstances. *See James v. City of New York*, 2015 WL 1285979, at *1 (E.D.N.Y. Mar. 20, 2015) (citing cases). As I explained in an earlier case involving the same issue:

> … attorneys practicing on a contingent fee basis in this district routinely file cases on behalf of indigent plaintiffs without seeking to proceed *in forma pauperi*s and thereby having the filing fee waived. I am therefore confident that even if [the plaintiff]'s current counsel is not willing to advance litigation costs and secure reimbursement from any later recovery [the plaintiff] may obtain, denial of the filing fee waiver in this case will not generally chill the ability of indigent plaintiffs to secure counsel to represent them in discrimination and civil rights cases.
>
> Filing fees are an important source of some of the funds that enable the judiciary to fulfill its constitutionally prescribed duties to all litigants and to the public. The judiciary's institutional interest in securing adequate funding must of course give way in a specific case if requiring the fee will deny a litigant access to the court. But where both interests can be vindicated, they should be. Because [the plaintiff] has not

satisfactorily demonstrated that the enforcement of the fee requirement in this case
will impair his ability to prosecute his claims, I decline to waive the fee.

*Vargas v. CH Hosp. Mgmt., LLC*, 2014 WL 2930462, at *4 (E.D.N.Y. June 27, 2014).[1]

In this case, as in *Vargas*, the plaintiff is represented by private counsel on a contingency basis. Agreement, § IV. Moreover, the retainer agreement in this case expressly provides for the possibility that Davis, if unable to advance litigation expenses, may ask his counsel to assist in securing funding for such expenses. *Id.* § III(b)(i). The record is silent as to whether the plaintiff has asked counsel for such assistance, whether counsel has agreed to provide it, or the success or failure of any such effort to secure funding. Under these circumstances, there is no sufficient reason to believe that denial of the instant motion will prevent Davis from having a full and fair opportunity to litigate his claims.

For the reasons set forth above, I conclude that it is possible in the circumstances of this case to vindicate both the judiciary's institutional interest in securing adequate funding and Davis's interest in access to the court. Because enforcement of the fee requirement in this case will not impair Davis's ability to prosecute his claims, I decline to waive the filing fee and therefore deny the motion for leave to proceed *in forma pauperis*.

SO ORDERED.

Dated: Brooklyn, New York
December 9, 2015

                                                      /s/
                                      JAMES ORENSTEIN
                                      U.S. Magistrate Judge

---

[1] *Vargas* is an example of a case in which the denial of *in forma pauperis* status did not preclude an indigent plaintiff's access to the court. After I denied the motion, Vargas arranged to pay the filing fee and proceeded to litigate his claims, which remain pending. *See Vargas*, 14-CV-2439 (ENV) (JO), filing fee receipt dated July 11, 2014.